## IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

**MICHAEL MASSEY AND**
**T&P FARMS, LLC**                                                        **PLAINTIFFS**

**VERSUS**                                   CAUSE NO. CV2017-253

**CNH INDUSTRIAL AMERICA, LLC,**
**MEDLIN EQUIPMENT CO.,**
**MID-SOUTH AGRICULTURAL EQUIPMENT, INC.,**
**INTER-AMERICAN VANGUARD CORPORATION,**
**AND JOHN DOES 1 – 10**                                       **DEFENDANTS**

### COMPLAINT

COME NOW Plaintiffs, by and through counsel, and file this, their Complaint against the

Defendants, as follows, to-wit:

### PARTIES

1.  Plaintiff Michael Massey is an adult resident citizen of Senatobia, Tate County,

Mississippi.

2.  Plaintiff T&P Farms is a limited liability company organized and existing under the

laws of the State of Mississippi, with its principal place of business in Senatobia, Tate County,

Mississippi.

3.  Defendant CNH Industrial America, LLC is a Wisconsin company organized and

existing under the laws of the State of Delaware, doing business in the State of Mississippi, and

may be served with process of this Court by service upon its registered agent, CT Corporation

System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4.  Defendant, Medlin Equipment Co. is a Missouri corporation organized and existing

under the laws of the State of Missouri, doing business in the State of Mississippi, and may be

served with process of this Court by service upon its registered agent, Don A. Medlin, 200 Outer Road, Charleston, MO 63834.

5. Defendant Mid-South Agricultural Equipment, Inc. is a Tennessee corporation with its principal place of business in the State of Mississippi, and may be served with process of this Court by service upon its registered agent, Kent Shaw, 8529 Saddle Creek, Olive Branch, MS 38654.

6. Defendant Inter-American Vanguard Corporation is a Florida corporation organized and existing under the laws of the State of Delaware, doing business in the State of Mississippi, and may be served with process of this Court by service upon an officer or its registered agent, Pedro Suarez, 3570 NW 62nd Street, Miami, Florida, 33147-7538.

7. John Doe Defendants One through Ten are entities, businesses or individual Defendants, whose principal places of business and/or residence are unknown. John Does One through Ten are unknown persons/entities whose conduct or actions may have contributed to or proximately caused the injuries to the Plaintiffs. Plaintiffs expressly incorporate the John Doe Defendants into each of the allegations set out herein, and where the term "Defendants" is used, this term expressly includes the John Doe Defendants One through Ten.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper in this Court pursuant to §9-7-81 of the Mississippi Code 1972, as amended, and Article 6 §156 of the Mississippi Constitution. Substantial acts or omissions upon which this action is brought occurred in Marshall County, Mississippi, and

therefore, venue is proper in this Court pursuant to §11-11-3 of the Mississippi Code 1972, as amended.

## FACTS

9.   On or about February 19, 2015, Plaintiffs contracted with Defendant Medlin Equipment Co. to purchase a 2012 Case IH STX 600 tractor, serial number ZCF129948.   Said tractor was manufactured by Defendant CASE IH.

10.   On or about March 23, 2015, Plaintiffs contracted with Defendant Medlin Equipment Co. to purchase a 2014 Case IH STX 580 tractor, serial number ZEF300374.   Said tractor was manufactured by Defendant CASE IH.

11.   On or about April 24, 2015, Plaintiffs contracted with Defendant Medlin Equipment Co. to purchase a Case IH STX 580 tractor, serial number ZEF300549.   Said tractor was manufactured by Defendant CASE IH.

12.   Also on or about April 24, 2015, Plaintiffs contracted with Defendant Medlin Equipment Co. to purchase a Rome Pull Scraper 1814E, serial number RP18E14.5-106.   Said pull scraper was manufactured by Defendant Inter-American Vanguard Corporation.

13.   Since the purchase of this equipment, it has failed to meet the Plaintiffs' reasonable expectations concerning its operation and did not conform to the reasonable expectations and representations of the Defendants upon which the contracts were entered into and the sales were predicated.

14.   Upon determining the profound deficiencies in the Defendants' products, the Plaintiffs contacted the Defendants and relayed their extreme dissatisfaction with the equipment

3

and gave the Defendants all reasonable opportunity to cure the defects.

15. Numerous defects and deficiencies exist in the equipment, including but not limited to: defective turbos, defective manifolds, defective radiators, defective rear differentials, low power, defective engines, fire hazard, and electrical problems. Upon contractual agreement, this equipment has on multiple occasions been entrusted to the Defendants CNH Industrial America, LLC, Medlin Equipment Co., Mid-South Agricultural Equipment, Inc. and Inter-American Vanguard Corporation for repairs, and said Defendants have negligently failed to repair said equipment in a reasonable and satisfactory manner. As a result, Plaintiffs have lost jobs, income and countless hours of production.

16. Notwithstanding repeated promises and representations by the Defendants that they would repair the equipment, the equipment has continued to be deficient and failed to conform to the reasonable expectations of the Plaintiffs, which were based upon the promises, representations, and implied and express warranties of the Defendants.

17. As a result of the deficient equipment and the Defendants' actions and omissions as set out herein, specifically including the Defendants negligent failure to repair and/or replace it, Plaintiffs have incurred damages. Plaintiffs have lost countless hours of production, and thus income, as the equipment has repeatedly been in the shop incurring repair and transportation costs instead of being used in a productive manner as reasonably expected. Further, Plaintiffs have incurred considerable financial costs including action of process by their lender as they have been unable to make the payments on the equipment's respective promissory notes because the equipment has not been usable and reliable to produce income as was reasonably expected when purchased.

## CAUSES OF ACTION

### Breach of the Implied Warranty of Merchantability

18. The actions and omissions of the Defendants as set forth above constitute a breach of the implied warranty of merchantability, pursuant to Miss. Code Ann. § 75-2-314 *et seq.*, as amended.

19. The Defendants have had multiple opportunities to cure the equipment's various deficiencies, but have failed to do so.

20. Plaintiffs are entitled to a return of all of the funds paid to the Defendants, incidental and consequential damages, attorneys' fees, costs, and any such other equitable relief as they are entitled to under the provisions of the Mississippi UCC.

### Breach of the Implied Warranty of Fitness For a Particular Purpose

21. The actions and omissions of the Defendants as set forth above constitute a breach of the implied warranty of fitness for a particular purpose, pursuant to Miss. Code Ann. § 75-2-315 *et seq.*, as amended.

22. The Defendants knew that the Plaintiffs were relying on their particular skill and/or judgment when selecting the agricultural and dirt moving equipment that was suitable for Plaintiffs' agricultural and dirt moving operations.

23. The equipment is not fit for the purpose for which it was purchased.

24. Plaintiffs are entitled to a return of all of the funds paid to the Defendants, incidental and consequential damages, attorneys' fees, costs, and any such other equitable relief as they are entitled to under the provisions of the Mississippi UCC.

### Negligence

25.   The actions and omissions of all of the Defendants as set forth above both individually and collectively constitute negligence, gross negligence and/or reckless disregard for the rights of the Plaintiff.

### Breach of Contract

26.   The actions and omissions of all the Defendants as set forth above both individually and collectively constitute an intentional and malicious breach of the terms of the Plaintiffs' contracts with the Defendants.   Defendants' conduct constitutes bad faith, a tortious breach of the Contracts and a breach of the implied covenant of good faith and fair dealing.

### Intentional and/or Negligent Infliction of Emotional Distress

27.   The actions and omissions of all of the Defendants as set forth above constitute an intentional and/or negligent infliction of emotional distress against the rights of the Plaintiffs.

## DAMAGES

28.   As a direct and proximate result of the actions and omissions of the Defendants as set forth herein, Plaintiffs have incurred financial expense and loss, including but not limited to, repair costs, transportation costs, lost employment opportunities, lost income, finance charges, a replevin and damages action against them, and damage to credit and reputation.   As a further direct and proximate result of such actions and omissions on the part of the Defendants, the

6

Plaintiffs have been required to hire attorneys to represent them in this cause and have incurred expenses and costs of litigation, including attorneys' fees. As a further direct and proximate result of the actions and omissions of the Defendants, the Plaintiffs have sustained mental and emotional distress, worry, anxiety and such other injuries and extra-contractual damages as may be more fully shown at the trial of this cause.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand judgment of, from and against the Defendants, jointly and severally, in an amount to be determined by the jury, including but not limited to, all compensatory, consequential and incidental damages, plus attorneys' fees and punitive damages and all other expenses, fees and costs and/or other such relief that may be just and proper.

### PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,

LAMAR & HANNAFORD, P.A.
Attorneys at Law
John T. Lamar, Jr. (MSB# 1781)
John T. Lamar, III (MSB# 102494)
Taylor A. Heck (MSB# 102833)
214 South Ward Street
Senatobia, MS    38668
Phone:   (662) 562-6537

BY:
JOHN T. LAMAR, III

FILED

'AUG 04 2017

LUCY CARPENTER
Circuit Clerk Marshall Co., MS
BY_____D.C.

7