**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MICHAEL MASSEY AND T&P FARMS, LLC**                                    **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 3:17CV179-MPM-RP**

**CNH INDUSTRIAL AMERICA, LLC, et al.**                          **DEFENDANTS**

**ORDER DENYING MOTION FOR
MORE DEFINITE STATEMENT OF CLAIM**

Defendant Medlin Equipment Co. seeks a more definite statement of claims asserted in plaintiffs' Complaint. Docket 8. Defendant asserts that plaintiffs' complaint is "so vague and ambiguous that Medlin, as a party, cannot reasonably be required to frame a responsive pleading." Docket 8, Exhibit 1, p. 2. Medlin's motion was originally filed in state court and does not provide citations to the Federal Rules of Civil Procedure. However, the court will apply the corresponding Federal Rule of Civil Procedure to the state rules cited by Medlin. Plaintiffs have not responded to defendant's motion and the time for filing a response has expired.

FED. R. CIV. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." That is not the type of pleading the court has before it in this instance. The plaintiffs' Complaint contains information specific enough for Medlin to craft an Answer. Medlin asserts that plaintiffs should be required to identify the capacity in which they are pursuing this matter. However, FED. R. CIV. P. 9(a)(1) dictates that "[e]xcept when required to show that the court has jurisdiction, a pleading need not allege: (A) a party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative capacity . . ." As to FED. R. CIV. P. 9, Medlin also argues that plaintiffs' Complaint is

insufficient as it does not satisfy the requirement to plead the time and place of the facts to support the allegations, as well as special damages. However, a review of the Complaint demonstrates that plaintiffs did provide the dates and locations of the purchase of various pieces of equipment and the exact special damages sought, which are all sufficient to satisfy the requirements of FED. R. CIV. P. 9. Therefore, Medlin's arguments that the Complaint fails to comply with FED. R. CIV. P. 9 fails.

Medlin argues that Mississippi Rule of Civil Procedure 10(d) requires the instrument upon which a claim is founded to be attached to the Complaint. However, unlike the Mississippi rule, FED. R. CIV. P. 10 does not require production of the instrument at the time the Complaint is filed.

Much of the additional information defendant seeks, such as copies of the contracts to purchase the equipment at issue, is exactly the type of information that is required to be disclosed by a party early in a federal civil action without the necessity of a discovery request, and Medlin may propound discovery requests seeking any information not so disclosed. Therefore, Medlin's motion for a more definite statement of claim is DENIED.

Given that Medlin has had since August 4, 2017 to prepare a response, the court finds that seven days is a reasonable period of time within which to respond to plaintiffs' Complaint. Defendant's answer is due by December 15, 2017.

**SO ORDERED**, this the 8th day of December, 2017.

/s/   Roy Percy_____
UNITED STATES MAGISTRATE JUDGE