# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MICHAEL MASSEY and T&P FARMS, LLC                      PLAINTIFFS

VS.                            CIVIL ACTION NO. 3:17-cv-179-MPM-RP

CNH INDUSTRIAL AMERICA, LLC, MEDLIN
EQUIPMENT CO., MID-SOUTH AGRICULTURAL
EQUIPMENT, INC., INTER-AMERICAN VANGUARD
CORPORATION and JOHN DOES 1 – 10                           DEFENDANTS

## ORDER

This cause comes before the court on the motion of plaintiffs Michael Massey and T&P Farms, LLC to remand this case to the Circuit Court of Marshall County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is, *inter alia,* a breach of warranty and negligence case arising out of the purchase of certain agricultural equipment by plaintiffs from defendants. The complaint in this case alleges that the equipment in question has failed to meet the plaintiffs' reasonable expectations concerning its operation and did not conform to the reasonable expectations and representations of the defendants. *See* Complaint at ¶13. The complaint also alleges that, after recognizing the deficiencies in the equipment, plaintiffs contacted defendants and relayed their dissatisfaction with the equipment and gave them a reasonable opportunity to cure the defects. The complaint alleges that defendants acted negligently in repairing the defects and that they should be held liable for plaintiffs' resulting damages. For their part, defendants deny that they committed any

such acts of negligence, but, at this juncture, this court is not concerned with the ultimate merits of plaintiffs' claims against defendants, but whether it has jurisdiction over them.

Plaintiffs have presently moved to remand, arguing that diversity jurisdiction is lacking, inasmuch as they and defendant Mid-South Ag ("Mid-South") are each citizens of Mississippi. Defendants argue, however, that Mid-South was fraudulently joined in this action and that its Mississippi citizenship should therefore be disregarded for diversity purposes. In considering defendants' arguments in this regard, this court initially notes that the removing party bears the difficult burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse [defendant] in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Rather than a "mere theoretical possibility of recovery," there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis,* 326 F.3d at 648 (*citing Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

In the court's view, no discussion of the fraudulent joinder doctrine in this circuit would be complete without noting the dramatic changes which have taken place in this context in the past two decades. Prior to 2004, the Fifth Circuit, essentially alone among the federal circuits, applied a highly expansive version of the fraudulent joinder doctrine which resulted in the doctrine being found applicable in far more cases than in any other circuit. See E. Farish Percy, <u>Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent</u>

Joinder, 91 Iowa L.Rev. 189, 240 tbl. 1 (2005)(noting the dramatically larger number of fraudulent joinder removals in the Fifth Circuit than in any other circuit). In its seminal decision in *Smallwood v. Illinois Central Railroad Co.,* 385 F.3d 568 (5th Cir. 2004), however, the *en banc* Fifth Circuit brought its fraudulent joinder jurisprudence more in line with that of other circuits.

In *Smallwood*, the Fifth Circuit made it clear that district courts should generally apply a standard of review which is far more deferential to the allegations made by the plaintiff than had previously been the case in this circuit. The Fifth Circuit in *Smallwood* gave the following directives to district courts in conducting this inquiry:

> A court may resolve th[is] issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573. Unsurprisingly, *Smallwood* has resulted in a dramatic reduction in the number of fraudulent joinder removals in this state, since its endorsement of a Rule 12-type inquiry inevitably leads to a much more limited application of the doctrine than in cases where a summary judgment-type inquiry is conducted.

Applying *Smallwood*'s holding to the facts of this case, it seems plain to this court that plaintiffs' motion to remand is well taken. Plaintiffs argue, and this court agrees, that their complaint includes clear allegations of negligence on the part of the defendants, including Mid-South. Specifically, the complaint in this case alleges that:

> Upon contractual agreement, this equipment has on multiple occasions been entrusted to the Defendants CNH Industrial America, LLC, Medlin Equipment Co., Mid-South Agricultural Equipment, Inc. and Inter-American Vanguard

> Corporation for repairs, and said Defendants have negligently failed to repair said equipment in a reasonable and satisfactory manner. As a result, Plaintiffs have lost jobs, income and countless hours of production.

[Complaint at 4]. These strike this court as being quite coherent allegations of negligence against Mid-South, and it seems clear that they suffice to meet the rather deferential *Smallwood* standard.

> In arguing otherwise, defendants write in their brief in opposition to remand that:
>
> A Rule 12(b)(6)-type analysis reveals that Plaintiffs' Complaint sets forth no reasonable or colorable basis for recovery against the resident defendant, Mid-South. It includes no individual allegations against Mid-South, lumping it together in all instances with the other three entities. Moreover, the only allegations which could apply to Mid-South are entirely conclusory. * * * The Plaintiffs assert that Mid-South and the other Defendants "negligently failed to repair" the subject equipment—but there are no allegations of factual acts or omissions by Mid-South from which such negligence could be inferred.

[Defendants' brief at 4-5]. This court finds these arguments to be unavailing. While it is true that the complaint in this case does not set forth specific facts regarding the nature of the repairs made by "defendants," this fact strikes this court as being unsurprising. Indeed, a customer who sends in a piece of non-performing equipment to be repaired is generally not in a position to know exactly what repair efforts were or were not made; he simply knows whether or not the repairs were successful. While it certainly seems possible that discovery in this case will reveal that Mid-South exercised all due care in repairing the allegedly defective products, this court is not presently concerned with the merits of this case, but whether it has jurisdiction over it. This court has noted that "there is a fundamental anomaly, not to mention a severe judicial inefficiency, in deciding the merits of a case in order to determine whether the court has jurisdiction over it," *see Tutor v. Liberty Ins. Corp.*, 2014 WL 1648620, at *3 (N.D. Miss. 2014), and this seems equally true here.

This court notes that, in support of his motion to remand, plaintiff Michael Massey has submitted an affidavit in which he fleshes out some of the specifics of his allegations against Mid-South. For example, Massey's affidavit states that:

> I took the tractor to Defendant Mid-South Agricultural Equipment, Inc. ("Mid-South") to be repaired in July of 2015. Mid-South negligently failed to properly repair this tractor while it was in their trust and care. Mid-South replaced the turbo and manifold multiple times and installed a new radiator and a new rear differential, among many other attempted repairs. The tractor constantly had low power and a weak hydraulic system, but Mid-South nor Medellin never properly repaired these problems.

[Massey affidavit at 1]. While this affidavit would very likely permit plaintiffs to prevail on their motion to remand even under a summary-judgment type inquiry, this court merely notes it parenthetically, since the *Smallwood* inquiry is normally based solely on the pleadings. This court concludes that the complaint in this case contains plain allegations of negligence against Mid-South, and defendants' arguments to the contrary are not well taken.[1] Plaintiffs' motion to remand will therefore be granted.

It is therefore ordered that plaintiffs' motion to remand is granted, and this case is hereby remanded to the Circuit Court of Marshall County.

This, the 15th day of August, 2018.

                               **/s/ MICHAEL P. MILLS**
                               **UNITED STATES DISTRICT JUDGE**
                               **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] For example, defendants argue that the economic loss doctrine bars plaintiffs' recovery, but the court does not agree. Indeed, the Fifth Circuit has held that the doctrine only applies under Mississippi law in products liability cases, *see Lyndon Prop. Ins. Co. v. Duke Levy & Assocs., LLC*, 475 F.3d 268, 274 (5th Cir. 2007), and it seems clear that the allegations against Mid-South are negligent repair claims, rather than products liability claims.